IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE E. WEST,

       Petitioner,

v.                                                                  Civil Action No. 5:06CV25
                                                                    Criminal Action No. 5:04CR00027
UNITED STATES OF AMERICA,                                           (JUDGE STAMP)

       Respondent.

# REPORT AND RECOMMENDATION
# THAT §2255 MOTION BE DENIED

## I. INTRODUCTION

On March 2, 2006, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The Government filed its response June 23, 2006. Petitioner filed a reply July 26, 2006.

## II. FACTS

A.    **Conviction and Sentence**

On December 14, 2004, Petitioner signed a plea agreement by which he agreed to plead guilty to Count One, Attempted Internet Enticement of Minor, in violation of Title 18, United States Code, Section 2422(b). In the plea agreement, the parties stipulated and agreed to the following relevant conduct:

> In July and August of 2004, Lawrence E. West attempted to use the internet, utilized and accessed through his computer, to persuade, entice, and induce a 13 year old girl to engage in various forms of sexual activity for which he could be charged with a criminal offense. The parties agree that the nature of the offense implicates U.S.S.G. § 2G1.1. The parties agree that the offense did not involve the promotion of a commercial sex act, and that neither subsection (c)(1) nor (c)(2) are applicable. [U.S.SG. §1.1(c)(1),(c)(2)] The parties further agree that, given the facts and

circumstances of this case, a Cross Reference to U.S.S.G. § 2A3.2 would be appropriate. [U.S.SG. § 2G1.1(c)(3)] The parties agree that the offense involved a violation of Chapter 117 of Title 18, United States Code, but did not involved the commission of a sexual act or sexual contact. [U.S.SG. § 2A3.2(a)(2)] The parties agree that the defendant used a computer and an internet access device to persuade, induce, and entice the victim to engage in prohibited sexual conduct and to facilitate travel by the victim to engage in prohibited sexual conduct. [U.S.SG. § 2A3.2(a)(3)] The parties agree in their estimation that there are no other applicable Specific Offense Characteristics, Cross References, or Adjustments.

Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> 14. The defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly makes the following waiver of his appellate rights in exchange for the concessions made by the United States in this plea agreement: (1) The defendant knowingly waives the right to appeal his sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement; and (2) the defendant also waives his right to challenge his sentence, or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.
> 
> Notwithstanding the above waiver, the defendant retains his right to appeal a decision by the Court to depart upward. The United States waives its right to appeal the sentence, except in the case of a downward departure. The United States reserves its right to appeal a decision by the Court to depart downward. Neither party will have the right to appeal the Court's decision to *deny* an upward or downward departure. In the event that there would be an appeal, each party reserves the right to argue in support of the sentence.

On December 16, 2004, the petitioner entered his plea in open court. Petitioner was 24 years old and educated through the eleventh grade. (Plea transcript p. 4) Petitioner stated he understood and agreed with all the terms and provisions of the plea agreement. (Id. at 8) The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 12) The Court asked petitioner and petitioner's counsel if he believed petitioner understood the waiver of appellate and post-conviction relief rights. (Id. at 9-10) The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 14-17) During the plea hearing, the Government presented the testimony of Deputy Jude A. Bowman, of the Ohio County Sheriff's office, to establish a factual basis for the plea. (Id. at 17-24) The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count One of the indictment. (Id. at 24) The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 25) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. At 26) Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty (Id.)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of the crime were established beyond a reasonable doubt. (Id. at 27) The petitioner did not object to the Court's finding.

On March 10, 2005, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 60 months imprisonment.

**B.** **Appeal**

Petitioner did not pursue a direct appeal.

**C.** **Federal Habeas Corpus**

In Ground One, petitioner contends that he had ineffective assistance of counsel because his counsel only met with him two or three times and did not pursue the entrapment claim as a defense. In Ground Two, petitioner alleges that the government entrapped him. In Ground Three, petitioner contends that he was unfairly sentenced.

The Government contends that petitioner waived his right to seek post-conviction relief by entering knowingly and voluntarily into the plea agreement. Additionally, the Government contends that under Strickland v. Washington, 466 U.S. 668 (1984) and Hill v. Lockhart, 4747 U.S. 52 (1985), the petitioner has not met the burden of proving the allegation of ineffective assistance of counsel. In regard to the entrapment claim, the Government contends that the chat transcripts clearly show that it was the petitioner who initiated online communications with the alleged 13-year-old girl. Finally, the Government contends that the petitioner was informed in open court that the minimum sentence that he could receive would be five years imprisonment, which was the exact sentence he received.

**D.** **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

### III. ANALYSIS

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. At 732. For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that

5

the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, supra, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> The validity of an appeal waiver depends on whether the
> defendant knowingly and intelligently agreed to waive the right to

> appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any IAC claims arising prior to the plea agreement are barred by the waiver.

As to any IAC claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to challenge" a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel." Lemaster, 403 F.3d at 732-33. Therefore, upon first blush it appears that IAC claims arising after the guilty plea and/or during sentencing, are not barred by a general waiver-of appeal rights.

However, several courts have distinguished IAC claims raised in a § 2255 case, from those raised on direct appeal. In Braxton v. United States, 358 F.Supp.2d 497 (W.D Va. 2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000)

(collecting cases); Butler v. United States, 173 F.Supp.2d 489, 493 (E.D. Va. 2001)).

Nonetheless, the Western District of Virginia, distinguished the types of IAC claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143,1147 (4th Cir. 1995), also supports such a distinction. Braxton at 503, n. 2. Finally, the Braxton Court found it persuasive that the majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

## IV. **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: June 26, 2007

    /s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE