IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LAWRENCE E. WEST,

       Petitioner,

v.                               Civil Action No. 5:06CV25
                               (Criminal Action No. 5:04CR27)
UNITED STATES OF AMERICA,            (STAMP)

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se[1] petitioner, Lawrence E. West, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The government filed a response to which the petitioner replied.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied because in his plea agreement, the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. The magistrate judge informed the parties that if they objected to any portion of the report and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

recommendation, they must file written objections within ten days after being served with copies of the report. The time for objections has now passed, and no objections have been filed to date. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Facts

On December 14, 2004, the petitioner pled guilty in the United States Court for the Northern District of West Virginia to attempted internet enticement of a minor, in violation of 18 U.S.C. § 2422(b). On March 10, 2005, the petitioner was sentenced to 60 months of imprisonment.

After his sentencing, the petitioner filed a motion to vacate, set aside or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel, entrapment, and that he was unfairly sentenced.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the parties did not file any

objections, this Court reviews the report and recommendation for clear error.

## IV. Discussion

The petitioner states three grounds for relief in his § 2255 petition. First, in Ground One of the petition, the petitioner alleges that he received ineffective assistance of counsel because his counsel met with him only two or three times and failed to pursue an entrapment defense. In Ground Two, the petitioner claims that the government entrapped him. Finally, in Ground Three of the petition, the petitioner contends that he was unfairly sentenced.

Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 petition be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction when he plead guilty to Count One of the indictment charging him with attempted internet enticement of a minor. Specifically, the petitioner signed a plea agreement on December 14, 2004, which stated that he "waives his right to challenge his sentence, or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255."[2]

Because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack his conviction,

---

[2]The plea agreement was accepted and filed by this Court on December 16, 2004.

the petitioner's application for habeas corpus relief pursuant to § 2255 must be denied.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE